| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Barrington Wilkins | Telephone: (313) 226-9100 |
|---|---|---|
| | Special Agent: Ashley Silvia | Telephone: (313) 965-2323 |

# UNITED STATES DISTRICT COURT
for the  
Eastern District of Michigan

| | | |
|---|---|---|
| United States of America | | Case: 2:25−mj−30340 |
| v. | | Assigned To : Unassigned |
| Keshaun Gamble | | Assign. Date : 5/27/2025 |
| | Case No. | Description: RE: SEALED MATTER (EOB) |

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 20, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute controlled susbtances. |
| 18 U.S.C. § 924(c) | Possession of a firearm in connection with drug trafficking. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_Complainant's signature_

Ashley Silvia, Special Agent  
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: May 27, 2025

City and state: Detroit, MI

_Judge's signature_

Hon. David R. Grand, United States Magistrate Judge  
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Ashley Silvia, assigned to the Federal Bureau of Investigation (FBI) Detroit's Violent Gang Task Force, being duly sworn, depose and state as follows:

1.  I am a Special Agent with the Federal Bureau of Investigation (FBI). As such, I am an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been a Special Agent with the Federal Bureau of Investigation (FBI) since October of 2024. I am currently assigned to the Detroit FBI Violent Gang Task Force (VGTF) and participate in investigations into street gangs committing various violations of federal law, including narcotics and weapons trafficking and violent crime. Prior to my current employment, I was a molecular biologist, with a background in forensic science.

3. I am submitting this affidavit in support of a criminal complaint alleging that **KESHAUN GAMBLE** has violated Title 21, United States Code Section 841, possession with intent to distribute controlled substances (methamphetamine and cocaine), and Title 18, United States Code, Section 924(c), possessing a firearm in connection with drug trafficking. Because this affidavit is being submitted for the

limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe the defendant committed the offenses alleged in the complaint.

    4.  This affidavit is based on my personal knowledge as well as information provided to me by other law enforcement agents and witnesses.

    5.  On May 20, 2025, at approximately 10:50 a.m. a federal search warrant was executed at GAMBLE's residence, XXXX Wykes, Detroit, in the Eastern District of Michigan, by FBI Detroit Violent Gang Task Force. As Law Enforcement were getting into position to knock and announce, GAMBLE opened the front door but kept the metal storm door closed. Law Enforcement announced their presence and purpose (search warrant) and gave GAMBLE commands to open the door, keep his hands visible, and come outside. GAMBLE did not comply with police and subsequently appeared to reach out to manipulate the storm door lock before closing the front door. A couple minutes later, Law Enforcement observed GAMBLE exit the door on the second-floor balcony. GAMBLE proceeded to jump down into the backyard and started running east towards the rear of the property. He jumped the fence in the backyard and continued to run through the alley towards Burnette Street. VGTF personnel positioned on Burnette Street intercepted GAMBLE. GAMBLE resisted arrest before police detained

GAMBLE for officer safety.

6. After GAMBLE shut the front door, Law Enforcement breached the front door as GAMBLE was exiting onto the second-floor balcony. A drone was flown in to gather intel. During the drone search, an unknown individual was observed walking down the stairs from the third floor. Law Enforcement proceeded to give commands to the individual to come to the door. The individual complied and Law Enforcement removed him from the residence and detained him in a police vehicle. The individual was later identified as Damarco Gamble. After the drone finished clearing the interior, Law Enforcement made entry into the residence and secured the location. No additional persons were found inside the residence.

7. After GAMBLE's residence was secure, law enforcement began a search of the residence. During a search of the residence, the following items were located and seized: A black grocery bag containing 32 rounds of 10 caliber ammunition was located on a desk in the first-floor entry room. In the adjacent living room, a pistol was located under a cushion on the couch. The pistol was loaded with 14 rounds in the magazine, plus a round in the chamber. In the same room, a rifle magazine was also found, loaded with .223 ammunition. On the table in front of the couch were digital scales with drug residue and an iPhone. The iPhone was actively on a FaceTime call when Law Enforcement made entry indicating GAMBLE utilizes this phone. In the kitchen on the first floor, a box of .223

ammunition, one baggie containing a white rock substance (total package weight 42.1 grams, TruNarc Scan containing cocaine), and three baggies containing white pills were found in a cabinet. The residence did not have many personal effects inside, and did not appear to be GAMBLE's primary residence. Based on my training and experience, it is reasonable to believe that GAMBLE utilized this house to distribute narcotics and does not use the location as his primary residence. Based on my training and experience, many drug traffickers utilize separate locations other than their primary residence for drug trafficking activities, also referred to as trap houses or stash houses. Additionally, I also know that drug traffickers possess firearms to protect their drugs and drug proceeds.

8. Once GAMBLE was in custody, police searched GAMBLE and found a cell phone and $6,125 U.S. currency on his person. While GAMBLE was detained in the police vehicle, GAMBLE told police, "Charge me with everything. Ain't nobody else got nothing to do with nothin but me." GAMBLE's wallet was found in the backyard near the fence he jumped along his route of escape. It contained GAMBLE's Michigan driver's license, two debit cards, two credit cards, a health insurance card, an MGM casino rewards card, and a picture of GAMBLE and his child. Additionally in the alley behind the fence along the route GAMBLE took to Burnette Street, a bag with trace amounts of suspected drug residue was found and seized. The bag and wallet were likely dropped by GAMBLE when he was fleeing

the scene. Based on my training and experience, after GAMBLE shut the front door to delay law enforcement entry, he ran up to the second floor where he stored the drugs. Three boxes of suboxone, three bags of pills, four bags of cocaine (total package weight 190.5 grams, TruNarc Scan containing cocaine) and one bag of methamphetamine (total package weight 91.4 grams, TruNarc Scan containing methamphetamine) were found on the second floor in the room next to the bathroom. In the second-floor bathroom, white powder residue was observed around the toilet and on the floor, indicating an attempt to quickly dispose of drug evidence. Based on my training and experience, I know the quantities of methamphetamine and cocaine seized are distribution quantities, rather than for personal use.

9. The pistol that was located during the search was: Glock 22, caliber 40, serial number BSUA075. The pistol was loaded with fourteen rounds of 40 caliber ammunition with an additional round in the chamber.

10. Based on the facts set forth above, I believe that probable cause exists to conclude that **KESHAUN GAMBLE** knowingly violated Title 21, United States Code, Section 841, possession with intent to distribute controlled substances, and Title 18, United States Code, Section 924(c), possessing a firearm in connection with drug trafficking.

*[signature]*
Ashley Silvia
Special Agent, FBI

Sworn to before me and signed in my presence
and/or by reliable electronic means.

*[signature]*
Honorable David. R. GRAND
United States Magistrate Judge

May 27, 2025